J-S25031-25
J-S25032-25
J-S25033-25
J-S25034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAI CHEUNG | : | |
| Appellant | : | No. 3241 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-0000472-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAI HASSAN CHEUNG | : | |
| Appellant | : | No. 436 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-0001161-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAI HAE SON CHEUNG | : | |
| Appellant | : | No. 437 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-0001790-2022

J-S25031-25
J-S25032-25
J-S25033-25
J-S25034-25

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
                                :
JAI HAE CHEUNG                  :
                                :
            Appellant           :    No. 438 EDA 2025

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Chester County Criminal Division
        at No(s): CP-15-CR-0001110-2023
                  CP-15-CR-0001161-2022
                  CP-15-CR-0001790-2022


BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 19, 2025**

In these four appeals, which we consolidate herein, Appellant challenges the judgment of sentence imposed by the trial court across four separate cases, after Appellant pled guilty in three of the cases and had his probation revoked and was resentenced in the fourth case. On appeal, Appellant seeks to challenge his sentence on the basis that his plea agreement called for concurrent, rather than consecutive, terms of incarceration. Additionally, Appellant's counsel, Scott J. Werner, Esq., seeks to withdraw his representation of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).[1] After

_____

[1] We note that Appellant was represented by different counsel during the guilty plea, revocation and sentencing/resentencing proceedings. Attorney Werner was appointed to represent Appellant after he was sentenced/resentenced on October 31, 2024.

- 2 -

careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Appellant's convictions are not germane to his instant appeals. We only note that on October 31, 2024, Appellant pled guilty in cases CP-15-CR-0001161-2022 (hereinafter "case 1161-2022"), CP-15-CR-0001790-2022 (hereinafter "case 1790-2022"), and CP-15-CR-0001110-2023 (hereinafter "case 1110-2023"), to robbery, criminal conspiracy to commit burglary, receiving stolen property, and criminal conspiracy to commit theft by unlawful taking. The court imposed concurrent sentences across these three cases, resulting in an aggregate term of 7½ to 15 years' incarceration.

That same day, the term of probation Appellant was serving for his conviction of possession with intent to deliver in case CP-15-CR-0000472-2019 (hereinafter "case 472-2019") was revoked based on his new convictions in the other three cases. The court resentenced Appellant to time-served to 23 months' incarceration, and imposed this sentence to run consecutively to Appellant's sentences in his other three cases.

Appellant filed an identical, timely, post-sentence motion in cases 1161-2022, 1790-2022, and 1110-2023, arguing that his guilty plea included an agreement for a concurrent term of incarceration in case 472-2019, which had been violated when the court imposed a consecutive term of incarceration in that case. Notably, Appellant did not seek to withdraw his guilty pleas in cases 1161-2022, 1790-2022, and 1110-2023, but instead asked for

"reconsideration of his sentence." Post-Sentence Motion, 10/31/24, at 2. However, the consecutive sentence Appellant was asking the court to reconsider was imposed in case 472-2019. It does not appear from the record that Appellant filed any post-sentence motion in that case.

On February 11, 2025, the trial court issued an order denying Appellant's post-sentence motion filed in cases 1161-2022, 1790-2022, and 1110-2023. Appellant filed a timely notice of appeal on February 14, 2025. Appellant also filed a timely notice of appeal in case 472-2019. The trial court thereafter ordered Appellant to file Pa.R.A.P. 1925(b) concise statements of errors complained of on appeal in each case. In response, Attorney Werner filed, in cases 1161-2022, 1790-2022, and 1110-2023, statements of his intent to file a petition to withdraw and **Anders** brief under Pa.R.A.P. 1925(c)(4). Additionally, in case 472-2019, Attorney Werner filed a concise statement, setting forth a single issue challenging the court's imposition of a consecutive sentence in that case as violating the terms of his plea agreement in cases 1161-2022, 1790-2022, and 1110-2023. **See** Concise Statement, 12/24/24, at 1 (unnumbered). The trial court subsequently filed Rule 1925(a) opinions in Appellant's cases.

J-S25031-25
J-S25032-25
J-S25033-25
J-S25034-25

Attorney Werner thereafter filed petitions to withdraw and **Anders** briefs in each of Appellant's four underlying cases.[2]  Therein, counsel claims that "Appellant seeks to raise the legality of the sentence imposed due to the trial[ c]ourt['s] failing to abide by an alleged agreement whereby all sentences, including the violation sentence, were to run concurrent to each other." **Anders** Brief 1 at 13; **Anders** Brief 2 at 11.  Additionally, in cases 1161-2022, 1790-2022, and 1110-2023, Appellant also seeks to "aver that trial and [revocation] counsel, Brian McCarthy, Esquire, was ineffective for not advising him properly of the impact of the [probation revocation] to his guilty plea." **Anders** Brief 1 at 20.

Attorney Werner concludes that these issues are frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant].  **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.  The brief must:

_____

[2] Counsel's petitions to withdraw and **Anders** briefs are identical in cases 1161-2022, 1790-2022, and 1110-2023.  Attorney Werner's petition to withdraw and **Anders** brief is slightly different in case 472-2019.  We will use the citation "**Anders** Brief 1" when referring to the briefs filed in cases 1161-2022, 1790-2022, and 1110-2023, and "**Anders** Brief 2" when referring to the brief filed in case 472-2019.

- 5 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007)….

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Werner's *Anders* briefs comply with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that

determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Werner also states in his petitions to withdraw that he has supplied Appellant with copies of his *Anders* briefs. Additionally, he attached a letter directed to Appellant to his petitions to withdraw and *Anders* briefs, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant seeks to argue that he entered his guilty plea in cases 1161-2022, 1790-2022, and 1110-2023 with the agreement that he would receive concurrent sentences across not only each of those cases, but also in his probation-revocation case at 472-2019. According to Appellant, the court violated that agreement and imposed an illegal sentence by imposing a consecutive term of incarceration in case 472-2019.

Initially, Appellant's claim that he was sentenced in violation of his plea agreement does not implicate the legality of his sentence and, thus, it is waivable. *See Commonwealth v. Berry*, 877 A.2d 479, 484 (Pa. Super. 2005) (holding that a claim that the defendant was sentenced in violation of his plea agreement does not implicate the legality of his sentence, and that Berry's challenge to his sentence on that basis was waived). After reviewing the records in each of Appellant's four cases, we conclude that Appellant has

waived his sentencing challenge. Notably, Appellant is specifically challenging the court's imposition of a consecutive sentence in case 472-2019. A claim that the trial court erred by imposing consecutive, rather than concurrent, sentences constitutes a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("Under 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently…."). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) (citation omitted). Here, Appellant did not file a post-sentence motion in case 472-2019 asking for the court to reconsider his consecutive sentence and impose a term to run concurrently with his sentences in cases 1161-2022, 1790-2022, and 1110-2023. Accordingly, his challenge to that consecutive sentence herein is waived.[3]

_____

[3] Additionally, we reiterate that Appellant did not seek to withdraw his guilty pleas in his post-sentence motion filed in cases 1161-2022, 1790-2022, and 1110-2023. Thus, he cannot now allege that his plea agreement was violated on direct appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Lincoln*, 72 A.3d 606, 611 (Pa. Super. 2013) (finding that the appellant could not obtain review of his challenge to his guilty plea "because he failed to preserve it properly by either objecting during the plea

*(Footnote Continued Next Page)*

In any event, even if not waived, we would agree with Attorney Werner

that Appellant's claim is frivolous.  As counsel explains:

> Upon review of the written guilty plea colloquy at [cases] … 1161-2022, … 1790-2022, and … 1110-2023, there was an agreement that the sentences of those cases would run concurrent to each other.  However, there is no mention of whether the sentences of [cases] … 1161-2022, … 1790-2022, and … 1110-2023 would run concurrent to the violation of probation matter at [case] … 472-20[1]9.  In fact, on Page 8 of the written guilty plea colloquy, … Appellant acknowledged and initialed the following:
>
>> "I am presently on probation or parole, and I understand that this guilty plea will result in a violation of that probation or parole, and that I may be separately sentenced for that violation or probation or parole."
>
> Guilty Plea Colloquy[, 4/9/24, at 8] … ¶ 33b.
>
> On October 31, 2024, during the sentencing hearing at [cases] … 1161-2022, … 1790-2022, and … 1110-2023[,] and the violation hearing at … 47[2]-2019, [the trial court] confirmed on the record as follows:
>
>> "Then there was a further agreement placed on the record that all three cases [1161-2022, 1790-2022, and 1110-2023] are to be sentenced with concurrent sentences."
>
> N.T.[, 10/31/24,] at … 4….
>
> After the Appellant was sentenced at [cases] … 1161-2022, … 1790-2022, and … 1110-2023, [the trial court] moved into the violation hearing.  During the violation hearing, counsel for the Appellant asked the court to run his violation concurrent with his new sentences at [cases] … 1161-2022, … 1790-2022, and … 1110-2023.  [**Id.**] … at … 58….

_____

colloquy  or  filing  a  post-sentence  motion  to  withdraw  the  plea")  (citing Pa.R.Crim.P. 720(B)(1)(a)(i)).

In response, the Attorney for the Commonwealth opposed a concurrent sentence and noted that there was no agreement about the violation of probation. [*Id.*] [(Commonwealth's stating: "There was no agreement about the violation of probation. There was nothing stated in the record about concurrent time at the time that the original plea was anticipated.")]. At no time during the violation of probation hearing prior to [the court's] sentence[, or] … after the Attorney for the Commonwealth's statement that there was no agreement for the violation, did Appellant's counsel argue that there was an agreement for a concurrent sentence.

Once again, after rendering [its] sentence for the violation, [the trial court] made clear on the record that that [the] plea agreement did not contemplate the violation and there was no agreement regarding the violations being concurrent. [*Id.* at] 62 [(the court's stating: "The agreement at the plea did not contemplate the violation. It contemplated concurrent sentences on the three cases to which he was pleading. There was no agreement with regard to the violations being concurrent.")].

Counsel for the Appellant conceded that point when he responded to the court by saying that there was never any contemplation that the violation would run consecutively. [*Id.*]

It is crystal clear from the record that there was no agreement to run the Appellant's violation sentence at [case] … 47[2]-2019 with his new convictions at [cases] … 1161-2022, … 1790-2022, and … 1110-2023. The [trial c]ourt abided by 42 Pa.C.S.[] § 9771 and sentenced … Appellant to a legal sentence.

***Anders*** Brief 1 at 17-20; ***Anders*** Brief 2 at 15-18.

After reviewing the record and sentencing transcript, we would agree with Attorney Werner that there was no agreement for a concurrent sentence in case 472-2019. Therefore, even if not waived, we would conclude that Appellant's sentencing challenge is frivolous.

Likewise, we would deem frivolous Appellant's attempt to raise an ineffective-assistance-of-counsel claim in cases 1161-2022, 1790-2022, and

1110-2023. According to Attorney Werner, Appellant seeks to argue that his trial counsel, Attorney McCarthy, "was ineffective for not advising him properly of the impact of the [probation violation] to his guilty plea." *Anders* Brief 1 at 20. Attorney Werner concludes that "the record does not support this claim," and also notes that "[t]he general rule is that claims of ineffective assistance of counsel are to be deferred to … review" under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.

We agree with counsel that it is improper for Appellant to raise his ineffectiveness claim on direct appeal. In *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. *Holmes*, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. *See id.* at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Thus, Appellant's raising an ineffectiveness claim herein is frivolous.

In sum, we agree with Attorney Werner that the issues Appellant seeks to raise on appeal are either waived and/or frivolous. Additionally, our review of the record does not reveal any other, non-frivolous claims that Appellant could assert herein. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/19/2025